IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| ROBBIE J. THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-06-412-JHP |
| USA TRUCK, INC., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss, Plaintiff's Response, and Defendant's Reply thereto. For the reasons stated below, Defendant's Motion is GRANTED in part and DENIED in part.

## Background

Defendant USA Truck, Inc., hired Plaintiff Robbie J. Thomas as a temporary employee in December 2005. Plaintiff subsequently became a permanent night dispatcher on February 20, 2006 after successfully completing a training program. During the course of her employment with Defendant, Plaintiff alleges that her supervisor, Joe Barker, subjected Plaintiff to unwelcome sexual advances. After Plaintiff reunited with her ex-husband, Plaintiff claims that Barker became increasingly critical of her performance. On March 27, 2006, Barker terminated Plaintiff and escorted her from Defendant's premises.

Plaintiff filed an action for discriminatory discharge in this Court pursuant to Title VII of the Civil Rights Act of 1964. In her Complaint, Plaintiff alleged that "[v]enue in this case is proper pursuant to 28 U.S.C. § 1391(c) inasmuch as Defendant is soliciting and conducting business within the jurisdictional confines of this Court, as well as employing many residents of

the State of Oklahoma." (Pl.'s Complaint ¶ 4.) Plaintiff admits, however, that "Defendant was an employer in Van Buren, Crawford County, State of Arkansas, at the time the alleged acts occurred." (Pl.'s Complaint ¶ 5).

On October 24, 2006, Defendant's Motion to Dismiss was filed in this Court. In its Motion, Defendant alleges that this Court is an improper venue for Plaintiff's Title VII claim. In support of its Motion, Defendant offers an affidavit from Roseann Francesconi, Defendant's Director of Human Resources. In this affidavit, Francesconi asserts (1) that Defendant's principal office is located in Van Buren, Arkansas, (2) that all of Defendant's employee records are maintained in Van Buren, Arkansas, (3) that Plaintiff performed all of her job duties in Van Buren, Arkansas, (4) that Plaintiff was terminated in Van Buren, Arkansas. (Francesconi Aff. ¶¶ 4-6.) Plaintiff challenges none of the factual assertions in Francesconi's affidavit.

## Discussion

In passing Title VII of the Civil Rights Act of 1964, Congress saw fit to include a special provision governing venue in Title VII claims. This provision provides:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Moreover, "[i]t has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions." *Pierce v.*

*Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998).

In *Pierce*, the Tenth Circuit addressed a factual scenario similar to this case. The defendant had filed a motion to dismiss the plaintiff's Title VII claim filed in the Western District of Oklahoma for sexual harassment. In support of its motion, the defendant submitted an affidavit noting that "(1) the alleged Title VII violation occurred in Missouri; (2) plaintiff's employment records were prepared and maintained in that state; (3) Missouri is where the plaintiff would have worked but for the asserted unlawful employment practice; and (4) [defendant's] principal office is in Missouri." *Id*. at 1192. In his response, the plaintiff presented no evidence controverting the defendant's affidavit, relying instead on the statement of facts in his complaint.

In upholding the district court's decision to dismiss the case for improper venue, the Tenth Circuit noted that although the plaintiff could rely on the facts pled in his complaint, he could only do so "to the extent that such facts are uncontroverted by defendant's affidavit." Instead, the defendant's affidavit, which specifically addressed and controverted every ground for proper venue under 42 U.S.C. § 2000e-5(f)(3), was "sufficient...to defeat the venue allegation in plaintiff's complaint." *Id*.

In the present case, as in *Pierce*, Defendant's affidavit specifically challenges every basis for venue in § 2000e-5(f)(3). Unlike *Pierce*, however, Plaintiff fails, even in her complaint, to allege facts supporting her assertion that this Court is an appropriate venue for her Title VII claim. Instead, Plaintiff inappropriately cites the general venue statute and argues that because Defendant conducts business in this district and employs Oklahoma residents, venue is proper before this Court. Although such facts may indeed be relevant to the general venue statute, they have no bearing on whether venue is proper in a Title VII case.

In her Response to Defendant's Motion to Dismiss, Plaintiff also cites *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004), for the proposition that in enacting § 2000e-5(f)(3), "Congress intended to limit venue to those jurisdictions concerned with the alleged discrimination under Title VII." Plaintiff seemingly argues that, although § 2000e-5(f)(3) does not expressly contemplate the situation presented by this case, venue is proper in this Court because "Oklahoma should be 'concerned' with the alleged discrimination against one of its citizens." (Pl.'s Resp. 2.) Plaintiff's argument rests upon an isolated statement by the district court in *El* that "[b]oth plaintiff's residence and the defendants' place of business is in Virginia." *El*, 360 F. Supp. 2d at 93. According to Plaintiff, "[i]n mentioning the plaintiff's residence, the [c]ourt is indicating that it is a factor for consideration." (Pl.'s Resp. 2.)

The Court acknowledges that in enacting § 2000e-5(f)(3), Congress may have intended to restrict venue in Title VII cases to those jurisdictions with an interest in the alleged discriminatory conduct. Nevertheless, Congress chose to express its intent through a clear and unambiguous statutory provision that limits venue in Title VII cases to four potential locations: (1) any judicial district in the state in which the alleged unlawful employment practice occurred, (2) the judicial district in which the employment records relevant to such practice are maintained and administered, (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, and (4) the judicial district in which the employer has his principal office. The uncontroverted facts in Francesconi's affidavit establish that Defendant's alleged unlawful termination of Plaintiff occurred in Arkansas, that Defendant's employment records relating to Plaintiff's termination are maintained in Van Buren, Arkansas, that Plaintiff was working, and would have continued to work, in Van Buren, Arkansas, and that Defendant's principal place of business was in Van Buren, Arkansas. Based upon these

undisputed facts, venue is only appropriate in Arkansas, and the most appropriate venue for this case is the judicial district embracing Van Buren, Arkansas.

Plaintiff also contends that Defendant waived its challenge of improper venue because Defendant filed its Motion in an untimely manner. *See* Fed. R. Civ. P. 12(h) ("A defense of...improper venue...is waived...if it is neither made by motion *under this rule* nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.") (emphasis added). According to Rule 12 of the Federal Rules of Civil Procedure, a defendant must generally serve an answer or other responsive pleading "within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1). According to Plaintiff, "Defendant was properly served with the Summons on October 3, 2006, which requires an answer or other responsive pleading to be filed int his Court on or before October 23, 2006." (Pl.'s Resp. 1.) Instead, Plaintiff contends that "the Motion to Dismiss was not filed until October 24, 2006." *Id*.

Plaintiff's argument presupposes that service of Defendant's Motion was complete only when the notice was filed with the Court. In contrast, the Court notes that under Rule 5, "[s]ervice by mail is complete on mailing." Fed. R. Civ. P. 5(b)(2)(B). *See also* 61A AM. JUR. 2D *Pleading* § 394 ("[S]ervice of the answer or of a motion to dismiss is complete upon mailing to the opposing attorney's office. The date of receipt is irrelevant to the computation, and filing with the clerk's office may be completed within a reasonable time thereafter."); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1171 ("[S]ervice is complete upon mailing, not receipt."). The Certificate of Service on Plaintiff's Motion to Dismiss indicates that the Motion was mailed on October 23, 2006, the day that Plaintiff concedes service of Defendant's answer or responsive pleading was due and Plaintiff does not contest the

accuracy of the Certificate of Service. Insofar as Plaintiff does not challenge the date of mailing, Defendant's Motion was timely served upon Plaintiff pursuant to Rule 12(a)(1).

Having determined that Defendant's Motion to Dismiss was timely and that venue is improper before this Court, the only remaining issue before the Court is whether to dismiss this action, as requested by Defendant, or to transfer this action to the United States District Court for the Western District of Arkansas, as requested by Plaintiff. 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As the Tenth Circuit has noted, "the question of whether to dismiss or transfer an action filed in an improper venue is 'within the district court's sound discretion.'" *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006) (quoting *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998)). Nevertheless, "[s]ince the presumption should be in favor of transfer as the normal procedure, dismissal is only appropriate in unusual circumstances." 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3827.

From the face of Plaintiff's Complaint, it appears that Plaintiff simply overlooked the applicable provision for venue under Title VII. However, given that the most appropriate venue under § 2000e-5(f)(3) is easily ascertainable and that Defendant offers no facts or circumstances specifically supporting its request for dismissal, rather than transfer, of this action, the Court finds that the interests of justice, efficiency, and judicial economy favor transferring this action to the United States District Court for the Western District of Arkansas.

## Conclusion

For the foregoing reasons, Defendant's Motion is GRANTED in part and DENIED in

part. Pursuant to 28 U.S.C. § 1406(a), in the interests of justice, the Court ORDERS the Clerk of Court to transfer this action to the United States District Court for the Western District of Arkansas.

IT IS SO ORDERED this 11th day of December 2006.

James H. Payne
United States District Judge
Eastern District of Oklahoma